

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. H. Gilmer, Chairman
Committee on Judiciary and Uniform State Laws
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-3662
Re: Is S. B. 345 (fee for
constables) unconstitutional as a local or
special bill?

Your letter of June 10, 1941, requesting an opinion of this Department upon the above stated question has been received.

We quote from your letter as follows:

"I hand you here copy of S. B. No. 345 by Senator Spears, which is pending in the House Committee on Judiciary and Uniform State laws, and request that you advise me, as Chairman of this committee, whether or not this bill is unconstitutional as a local or special bill under the authority of the recent case of J. R. Miller, et al v. the County of El Paso, Texas, et al."

Senate Bill No. 345 reads as follows:

"A bill to be entitled, an act to provide for fees for Constables whose precincts lie in counties having a population of more than three hundred twenty-five thousand (325,000) and less than three hundred ninety-thousand (390,000) by the last preceding Federal Census, and whose precincts lie in whole or in part in an incorporated city or town containing

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

territorial limits of twenty-five (25) square miles or more, such fee to be the same as those now allowed to Sheriffs, and providing for the payment thereof by the County on all criminal cases where the defendant is convicted or pleads guilty, and such defendant fails to pay his fine and lays his fine out in the county jail or discharges the same by means of working such fine out on the county roads or on any county project, and repealing Article 1055 of the Code of Criminal Procedure insofar as it applies to Constables of Justice Precincts in counties having a population of more than three hundred twenty-five (325,000) and less than three hundred ninety thousand (390,000) by the last preceding Federal Census and whose precincts lie in whole or in part in an incorporated city or town containing territorial limits of twenty-five (25) square miles or more, and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1.   Constables whose precincts lie in counties having a population of more than three hundred twenty-five thousand (325,000) and less than three hundred ninety thousand (390,000) by the last preceding Federal Census, and whose precincts lie in whole or in part in an incorporated city or town containing territorial limits of Twenty-five (25) square miles or more, who execute process and perform services in civil and criminal actions shall receive the same fees allowed to Sheriffs for the same services, and in all criminal cases where the defendant is convicted or enters a plea of guilty and is fined and is unable to pay said fine and lays out his fine in the county jail or discharges the same by means of working such fine out on the county roads or on any county project, the county shall be liable to such Constable for all of said fees of said Constable, and such Constable shall present to the Commissioners' Court of his County a written account specifying each criminal action in which he claims such fees, certified to by the Justice of the Peace to be correct and filed with the County Clerk.  The Commissioners' Court shall approve such account for such amount as they may find to be correct and order a draft to be issued on the County Treasurer in favor of such Constable for the amount so approved.

Hon. C. H. Gilmer, page 3

"Sec. 2.   Article 1055 of the Code of Criminal
Procedure of the State of Texas be and the same is
hereby repealed insofar as it applies to Constables
coming under this Act.

"Sec. 3.   The fact that under the existing laws
in certain counties containing cities of large terri-
torial limits Constables are not receiving adequate
compensation for serving process and performing ser-
vices in numerous misdemeanor cases, although they
are put to great expense in serving process, creates
an emergency, and an imperative public necessity
exists, that the Constitutional Rule requiring bills
to be read on three several days shall be suspended,
and this Act shall take effect and be in force from
and after its passage, and it is so enacted."

Article 1055, Code of Criminal Procedure, reads as follows:

"The County shall not be liable to the officer
and witness having costs in a misdemeanor case where
defendant pays his fine and costs.   The county shall
be liable for one-half of the fees of the officers
of the Court, when the defendant fails to pay his
fine and lays his fine out in the county jail or dis-
charges the same by means of working such fine out
on the county roads or oh any county project.   And to
pay such half of costs, the County Clerk shall issue
his warrant on the County Treasurer in favor of such
officer to be paid out of the Road and Bridge Fund or
other funds not otherwise appropriated."

Section 56, Article III of the State Constitution provides
in part as follows:

"The Legislature shall not, except as other-
wise provided in this Constitution, pass any local
or special law . . . regulating the fees, or extend-
ing the powers and duties of aldermen, justices of
the peace, magistrates or constables; . . . and in
all other cases where a general law can be made
applicable, no local or special law shall be enacted.
. . ."

Hon. C. H. Gilmer, page 4

It will be noted that Article 1055, supra, provides in effect that the county shall be liable for one-half of the fees of the officers of the court, when the defendant fails to pay his fine and lays his fine out in the county jail or discharges the same by means of working such fine out on the county roads or any county project. Senate Bill No. 345, supra, provides in effect that in all criminal cases where the defendant is convicted or enters a plea of guilty and is fined and is unable to pay said fine and lays out his fine in the county jail or discharges the same by means of working such fine out on the county roads or any county project, the county shall be liable to such constable for all said fees in such cases. Therefore, providing a greater compensation for those constables, situated in counties coming with the above designated population brackets, than the compensation provided for those constables in counties having a less population or a greater population than that set out by the above mentioned population bracket.

We have carefully considered Senate Bill No. 345 in connection with Section 56, Article III of the State Constitution, and the recent case of J. R. Miller, et al vs. the County of El Paso, Texas, et al, handed down by the Supreme Court of Texas on April 23, 1941, and the authorities cited therein. Therefore, it is our opinion that Senate Bill No. 345 is a special or local bill attempting to regulate the fees of constables and is, therefore, unconstitutional and void.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JUN 19, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:N


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN